UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
AT EVANSVILLE

FILED
U.S. DISTRICT COURT
EVANSVILLE DIVISION

2002 SEP 19  PM 2:33

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

JOHN MICHAEL DENHAM    :
:
Plaintiff    :
:
vs.    :    **COMPLAINT**
:    (JONES ACT AND GENERAL
:    MARITIME LAW)
:
EVANSVILLE MARINE SERVICE, INC.    :
  Serve:   Robert R. Aldrich    :
          c/o Evansville Marine Service, Inc.    :
          2300 Broadway    :    3:02-CV-00181RLY
          Evansville, Indiana   47712    :
:
and    :
:
The CAPTAIN ELROY    :
Defendants    :
:

Comes the Plaintiff, John Michael Denham, by counsel, and for his cause of action herein, and states as follows:

### COUNT I

### JURISDICTION AND VENUE

1. The jurisdiction of the Court is invoked under 46 U.S.C. § 688, the Jones Act and the Admiralty and General Maritime Laws of the United States of America. This action is without prepayment of costs pursuant to § 1916 of the Judicial Code, 28 U.S.C. §1916.

2. At all times relevant hereto, Plaintiff, John Michael Denham, of 7446 Doctor Hodge Road, Baskett, Kentucky 42402-0000, was an American seaman assigned as a crew member to vessels with the Evansville Marine Service, Inc. fleet, including the Captain Elroy.

1

3. Within the scope of his employment as a Jones Act Seaman, and at all times relevant hereto, the Plaintiff transversed the waters of the Ohio River in and throughout this judicial district.

4. The Defendant, Evansville Marine Service, Inc. (hereinafter referred to as "Marine Service"), is an Indiana corporation with its principal place of business believed to be at 2300 Broadway Avenue, P. O. Box 6048, Evansville, Indiana 47719. This Defendant has designated as its agent for service of process in the state of Indiana, Robert R. Aldrich, c/o Evansville Marine Service, Inc., 2300 Broadway, Evansville, Indiana 47712.

5. At all times relevant hereto, Marine Service has been engaged in the transportation of goods, commodities, freight, and various other types of commercial products through the use of the rivers and intercoastal waterways of this country. In so doing, Marine Service has continuously been involved in intercoastal and interstate commerce.

6. At all times relevant hereto, Martine Service was the Jones Act employer of the Plaintiff.

7. At all times relevant hereto, the Captain Elroy was a twin screw towboat which along with other vessels and barges were continuously owned by Marine Service, and were used and operated in and along the Ohio River and in this judicial district.

8. The Plaintiff was assigned as a crew member of the Captain Elroy and its tow on or about November 29, 2001.

9. At all times relevant hereto, the Captain Elroy and its tow and the barge on which Plaintiff was working were maintained, equipped, crewed, and operated by Marine Service.

10. This cause of action arises from an accident that occurred on the Ohio River near Owensboro, Daviess County, Kentucky.

## COUNT II

### THE OCCURRENCE

1. Plaintiff adopts, reiterates, and realleges each and every allegation contained in Count I.

2. On November 29, 2001, Plaintiff was working for Marine Service and on one of its vessels in navigation which were then and there located on the Ohio River near Owensboro, Daviess County, Kentucky. At that time and place, Plaintiff had been instructed by his supervisors to assist in placing a cover on an open top barge which was a part of a consists of barges which were being moved and handled by Marine Service and the crew to which he was assigned. The precise name and number of the barge on which Plaintiff was working is unknown at this time.

3. That in the performance of the referenced work, Marine Service was using a crane which was faced up to the barge on which Plaintiff was working. That the crane was being used to advance the cover over and across the opening to the barge. That in attempting to extend the referenced cover, Marine Service, acting by and through its agents, servants, and employees did so in such a careless and negligent manner as to cause Plaintiff to fall approximately twenty feet to the metal flooring in the bottom of the barge. That as a result of this accident, Plaintiff sustained severe and permanent injuries to his head, neck, body, extremities, neurological system, and musculoskeletal system, all as hereinafter more fully set out.

4. That the injuries and damages herein complained of resulted in whole, or in part, from one or more of the following:

    (a) From Marine Service's negligence in failing to provide Plaintiff with a reasonably safe place to work;

    (b) From Marine Service's negligence in failing to provide reasonably safe and proper equipment and tools to perform the work that it assigned to this Plaintiff;

    (c) From Marine Service's negligence in failing to adopt and carry out safe customs and practices in the performance of its various work, including the work which Plaintiff was assigned to perform on November 29, 2001;

(d) From Marine Service's negligence in failing to instruct its crew and this Plaintiff concerning the proper method to be used in performing the work assigned to him;

(e) From Marine Service's negligence in failing to properly train and supervise its employees in the performance of its various work, including the work assigned to its crew and this Plaintiff on November 29, 2001;

(f) From Marine Service's negligence in failing to properly move and advance the cover to the barge, thereby causing Plaintiff to fall to the metal surface in the bottom of the barge;

(g) From Marine Service's negligence in failing to properly instruct and train its employees in the manner and methods to be used in installing and/or removing covers to open top barges;

(h) From Marine Service's negligence in failing to warn Plaintiff of the dangerous conditions and circumstances which existed immediately prior to and at the time of the accident which occurred on November 29, 2001; and

(i) From Marine Service's negligence in failing to provide Plaintiff with proper and necessary protective equipment for the work that he was assigned to perform on November 29, 2001.

5. That the conditions set forth above further constitute unseaworthy conditions aboard Marine Service's vessels which were substantial contributing factors in causing Plaintiff's injuries and damages.

## COUNT III

## INJURIES AND DAMAGES

1. Plaintiff adopts, reiterates, and realleges each and every allegation contained in Count I and Count II.

2. That as a result of the aforementioned actions and negligence of Marine Service, and the unseaworthiness of the vessels provided to Plaintiff on the date aforementioned, Plaintiff sustained severe and permanent injuries to his head, neck, back, hips, body, extremities, musculoskeletal system, and nervous system.

3. That as a further result of the aforementioned actions and negligence of Marine Service, and the injuries, impairment, and disability resulting therefrom, this Plaintiff has sustained the following damages:

(a) He has incurred medical expenses for the care and treatment of his injuries. That he is still under the care of a doctor, and in all probability, will have to expend more money in the future for the care and treatment of his injuries.

(b) That he has had severe pain, suffering, and mental anguish, and will continue to have severe pain, suffering, and mental anguish in the future and permanently.

(c) He has experienced the loss of capacity for the enjoyment and pleasures of life, and he will continue to experience this loss in the future and permanently;

(d) He has been unable to return to any type of gainful employment, and is likely to remain occupationally disabled in the future and permanently. As a result, he has lost wages and his ability to earn money in the future has been permanently impaired.

As a consequence of all of the aforementioned, Plaintiff has been damaged in the sum of Five Million Dollars ($5,000,000.00).

4. As a result of the relationship as employer/employee, Marine Service owes to Seaman Denham maintenance and cure. Marine Service has failed to provide adequate maintenance and cure in violation of its obligation under the General Maritime Law.

WHEREFORE, the Plaintiff, John Michael Denham, demands judgment against Marine Service in the sum of Five Million Dollars ($5,000,000.00); for such maintenance and cure as may be due and owing to him; for his costs herein expended; that he have trial by jury; and for all other proper relief to which he may appear entitled.

_____
NEIL CHAPMAN  #17902-71
Danks & Danks
101 Northwest Tenth Street
Evansville, Indiana 47708
Telephone: (812) 426-1000
Facsimile: (812) 426-0751

and


_____
A. V. CONWAY, II
124 West Union Street
P. O. Box 25
Hartford, Kentucky 42347
Telephone: (270) 298-3231
Facsimile: (270) 298-7855

**ATTORNEYS FOR PLAINTIFF**